UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN VON GERMETEN,

    Plaintiff,

v.                                        Case No. 17-cv-167-pp

PLANET HOME LENDING, LLC

    Defendant.

---

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), DENYING AS MOOT THE PLAINTIFF'S MOTIONS (DKT. NOS. 7, 8, 19, 24, 28, 39 AND 50), DENYING AS MOOT THE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 13), GRANTING THE DEFENDANT'S MOTION TO STAY DISCOVERY AND MOTION FOR PROTECTIVE ORDER (DKT. NO. 49), AND GIVING THE PLAINTIFF A DEADLINE OF MARCH 30, 2018 BY WHICH TO FILE AN AMENDED COMPLAINT**

---

On February 6, 2017, the plaintiff—representing himself—filed a complaint against Planet Home Lending, LLC. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court did not act promptly on the plaintiff's request, which has caused extensive litigation even though the defendant has not been served. The plaintiff has filed several motions, and the defendant has filed a motion to dismiss and a motion to stay discovery. This order addresses the plaintiff's motion for waiver of the filing fee, screens the plaintiff's complaint and, because the complaint does not state a claim upon which relief can be granted, gives the plaintiff a deadline by which to file an amended complaint.

**I.     Motion to Proceed Without Prepayment of Filing Fee (Dkt. No. 2)**

   A.     <u>The Plaintiff's Ability to Pay the Filing Fee</u>

A district court may authorize a plaintiff to proceed without prepaying the $350 filing fee and $50 administrative fee to start a civil lawsuit if the plaintiff submits an affidavit listing his assets, indicating that he is unable to pay the fees and stating his belief that he is entitled to the relief he seeks. 28 U.S.C. §1915(a). Title 28 U.S.C. §1915 "is designed to ensure that indigent litigants have meaningful access to the courts." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989).

In the plaintiff's affidavit, he does not list any dependents. Dkt. No. 2 at 2. He states that he has a total monthly income of $818.00, consisting of $735.00 per month from Social Security Disability payments and $83.00 per month from Wisconsin State Disability payments. <u>Id.</u> He lists a monthly mortgage payment of $341.00 and other household expenses of between $300 and $400 per month, for total monthly expenses of $650-700 per month. <u>Id.</u> at 3. The plaintiff asserts that he owns a 1995 Ford F-150 pick-up truck worth about $900, and that he owns a home worth $34,000 with approximately $8,000 of equity. <u>Id.</u> The plaintiff states that he has a checking account containing $1,400. <u>Id.</u> He concludes by indicating that he is disabled, with no source of income other than his disability benefits. <u>Id.</u>

A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder, when it finds that the plaintiff cannot pay the full expenses but can pay part of it. See <u>Longbehn v. United States</u>,

160 F.3d 1082-83 (7th Cir. 1999). With monthly income of over $800, monthly expenses of $700 or less, and a checking account with a balance of $1,400 as of the date of the affidavit, the court finds that the plaintiff has the ability to pay at least a portion of the filing fee.

    B.    Screening the Plaintiff's Complaint

        1.    *Legal Standards*

In enacting 28 U.S.C. §1915—the federal statute that gives courts the ability to waive all or part of a filing fee—"Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke, 490 U.S. at 324. Therefore, §1915(e)(2)(B) requires a court to dismiss a case filed by an unrepresented plaintiff at any time if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." For this reason, district courts "screen" complaints filed by self-represented plaintiffs seeking fee waivers, to determine whether the courts must dismiss them under these standards.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728 (1992); Felton v. City of Chicago, 827 F.3d 632, 635 (7th Cir. 2016) (citing Neitzke, 490 U.S. at 325). At the screening stage, the court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the

3

plaintiff. Hotchkiss v. David, Case No. 16-3934, 2017 WL 4964714 at *3 (7th Cir., Nov. 1, 2017). The Supreme Court has explained that a court may dismiss a claim as factually frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." Felton, 827 F.3d at 635 (citing Denton, 504 U.S. at 32-33). A court may dismiss a claim as legally frivolous if it is "based on an indisputably meritless legal theory." Id. (citing Neitzke, 490 U.S. at 327-28). The court, however, may not dismiss a claim as frivolous simply because it finds that "the plaintiff's allegations are unlikely." Johnson v. Stovall, 233 F.3d 486, 489 (7th Cir. 2000) (citing Denton, 504 U.S. at 33).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, but his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must

4

be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

Courts liberally construe the pleadings of "*pro se*" litigants (that is, those litigants who proceed without a lawyer), and they hold *pro se* complaints, however inartfully pleaded, to less stringent standards than formal pleadings drafted by lawyers. Erikson v. Pardus, 551 U.S. 89, 93 (2007). Courts are required to allow plaintiffs for whom they've waived all or part of the filing fee leave to amend their complaints "at least once when Rule 15(a) would allow amendment in the case of fee-paying litigants." Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1024 (7th Cir. 2013).

　　　　2.　　*The Plaintiff's Allegations*

The plaintiff's complaint alleges that he originally took out a home loan from Flagstar Bank through "Bank of Wisconsin, Kenosha (defunct)." Dkt. No. 1 at 2. He alleges that the loan was "recently acquired" by the defendant, Planet Home Lending, who told him over the phone that it had bought his debt, or that Flagstar had sold it to them. Id. He indicates that "last year," the defendant notified him that he should "direct [his] monthly payments to them," and says that he has done that; he says that his loan is in good standing. Id. at 3.

The plaintiff states, however, that he is asking the court to oversee a "civil administrative process for [his] qualified request for 'Proof of Debt.'" Id. at 2. He wants the defendant to prove itself a *bona fide* creditor "according to terms of federal rules, UCC, USC, etc." Id. at 3. The plaintiff explains that

5

"recent information reveal[ed]" to him that "the process by which loans occur . . . violate[s] federal rules and contract law." Id. He makes various allegations concerning the alleged impropriety of banks trading their borrowers' promissory notes and the impropriety of banks selling their borrowers' debt obligations to third parties for additional profit. Id. at 3-4. He does not explain which federal statutes these practices violate, but asserts that he has reason to believe that the defendant is not a "bona fide creditor," because he never signed a note or contract with them. Id. at 4. He indicates that his mortgage is a "HUD loan"—Housing and Urban Development loan—and that it contains a foreclosure escalation clause in the event that he fails to make timely payments. Id. at 3. He says that he is filing this case so that the judge will not think that his "timely payments are tacit acquiescence or admission that a debt is owed." Id.

The plaintiff attached to the complaint a letter he wrote to the defendant. Dkt. No. 1-1. The letter asks the defendant to treat the letter as a "'qualified written request' under the Federal Servicer Act, which is part of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605(e)." Id. at 2. The attachment also mentions the Fair Debt Collection Practices Act ("FDCPA") and §1641(f)(2) of the Truth In Lending Act ("TILA"). Id. at 1, 2.

  3. *The Court's Analysis*

Even construing the plaintiff's complaint liberally, the court finds that the complaint does not state a cause of action for which a federal court may grant relief. On page five of the complaint form, under section C.,

"Jurisdiction," the plaintiff marked the box that says, "I am suing for a violation of federal law under 28 U.S.C. §1331." Dkt. No. 1 at 5. But nowhere in the complaint does he mention any federal laws. In the letter he attached to the complaint—the letter he wrote to the defendant—the plaintiff mentions RESPA, the FDCPA, and TILA, but his complaint does not refer to any of those statutes. The complaint does not explain which of those statutes this particular defendant violated, or what actions this particular defendant took that violated any provisions of any of those statutes (or any others). Rather, he makes general assertions that he has learned that "banks"—in general—are engaging in certain lending practices. He also states that he has "reason to believe" that the defendant is not a *bona fide* creditor; the court suspects that he means that while he may owe money to *someone* on his loan, he doesn't believe the defendant can prove that he owes that money to *the defendant.*

In fact, the plaintiff does not ask this court to decide whether the defendant violated a federal law at all. Instead, he asks the court to conduct a "civil administrative process," to assist him in obtaining proof that the defendant owns his mortgage debt. He asks that, if the defendant is not able to prove "via requested documents that they are a qualified creditor to whom [his] mortgage loan is owed," the court issue an order requiring the defendant to "cease & desist all collection activity immediately, including any/all threat of foreclosure," to prohibit the defendant from selling the loan and to declare him the free and clear owner of the home. Dkt. No. 1 at 5.

Federal courts decide disputes between parties. If a person with a mortgage loan believes a lender has violated some specific provision of RESPA or the FDCPA or TILA, that person may file a lawsuit making that allegation (and the lender may defend against it). But without a specific dispute between this plaintiff and this defendant over a specific violation of federal law, the federal district court does not have the authority to open up an administrative proceeding to decide whether the defendant owns the plaintiff's loan. The plaintiff asserts that he has been making his mortgage payments and that his loan is in good standing. He seems to have brought this lawsuit solely because he came across information that leads him to believe that there are some lenders who claim to own loans that they don't own, and he wants to make sure that isn't the case with his loan. That is not a "dispute" that the federal court system can resolve.

There *are* procedures that give borrowers the ability—even the right—to find out who owns a mortgage loan. The plaintiff appears to be familiar with at least some of those procedures. He knows about the QWR ("qualified written request") procedure under RESPA, because he attempted to make a QWR, dated January 18, 2017, to the defendant. The certified mail receipt he attached to the complaint shows that the lender received that request at its office in Dallas, Texas on January 22, 2017, dkt. no. 1-1 at 7, and he attaches a letter from the defendant, dated January 24, 2107, in which the defendant acknowledges receipt of the request and informs him that they are reviewing his loan file, dkt. no. 1-1 at 8. Rather than waiting for the QWR process to play

out, the plaintiff filed this federal complaint on February 6, 2017—less than two weeks after the defendant wrote to him that it was reviewing his loan file.

On March 17, 2017, the court received a letter from the plaintiff. Dkt. No. 7. In it, he told the court that the administrative process he'd asked the court to preside over was finished and that the defendant had not provided him "any documentation as required by law to prove or establish themselves as a bonafide creditor." Id. Based on this alleged failure, he asked the court to order the defendant to stop "all further collection matters," order the defendant to return all his payments to him, grant him damages for "violating Fair Credit Lending Practices" and order the defendant to grant him free and clear title to the property. Id. Oddly, he attached to this letter a letter from the defendant, dated March 3, 2017—two weeks earlier—in which the defendant informed him that it was still reviewing his loan file, and that it would respond to him once it had finished. Dkt. No. 7-1 at 5.

On the same day—March 17, 2017—the court received a second letter from the plaintiff. Dkt. No. 8. In this letter, he informed the court that the defendant had responded to his request and offered to make the note available for him to inspect, but the plaintiff stated that the terms of inspection the defendant had offered were not acceptable to him. Id. In this letter, he asked the court to order the defendant to "send wet ink promissory note to Racine County Clerk." Id. The plaintiff has filed numerous other documents in the ensuing months—some of them motions, some simply copies of documents or correspondence.

It is possible that since filing his complaint on February 6, 2017, the plaintiff has identified a violation of one of the statutes he referenced in his letters to the defendant. The court will give the plaintiff an opportunity to amend his complaint, to allege some specific violation of federal law that he believes this defendant has committed. The court advises the plaintiff that, if he chooses to file an amended complaint, that complaint will take the place of the original complaint, just as if he'd withdrawn the original complaint. Duda v. Bd. Of Educ. Of Franklin Park Public School Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). This means that the plaintiff must use a new complaint form (the court is including a blank form with this order), put the word "Amended" at the top next to the printed word "COMPLAINT," and must lay out all of the facts that support his claims in the amended complaint. He may not simply refer the reader of the amended complaint back to the original complaint, or to any of the many documents he has filed to date. The amended complaint must stand on its own. Id.

## II. Other Pending Motions by the Plaintiff

As noted earlier, the plaintiff has filed numerous motions and documents with the court. In addition to the two letters the court described above, the plaintiff filed a motion for summary judgment, dkt. no. 19, and two motions for "final judgment," dkt. nos. 24, 28. On December 20, 2017, the plaintiff filed a motion asking the court for an "order for forensic audit and motion for discovery and admissions." Dkt. No. 39. Apart from these motions, the plaintiff has filed and continues to file letters and copies of letters between himself and

the defendant. See, e.g. dkt. nos. 45, 46. Finally, in response to the defendant's motion to stay discovery, the plaintiff filed a motion to quash that motion. Dkt. No. 50.

All of the plaintiff's motions were premature, even if his original complaint had stated a cause of action, and the most recent one is without merit. If the plaintiff files an amended complaint by the deadline the court sets below, the court will screen it, just as it did his original complaint. If the court finds that the amended complaint states a cause of action, it will issue an order, requiring the Marshals Service to serve the complaint (in the formal way required by the Federal Rules of Civil Procedure) on the defendant. The defendant then gets a certain amount of time to either file an answer or file some other motion (such as a motion to dismiss). At that point—after the defendant has responded to the amended complaint—the court will give the parties a schedule for the next steps in the lawsuit. Until then, there is nothing for the plaintiff to file but the amended complaint.

As to the many documents and letters the plaintiff has filed: If a party wishes the court to do something, that party must file a motion, explaining what the party wants the court to do and why. The other side gets an opportunity to respond to that motion, and then the court decides whether to do what the moving party asks. The court cannot—and does not—act on copies of documents, or copies of letters. If this case reaches the stage where it is appropriate for the parties to file "dispositive" motions—motions to dismiss, motions for summary judgment—the plaintiff may attach evidence to support

11

his motions. But that time has not come; the court will advise the plaintiff if and when that time does come.

### III. Pending Motions by the Defendant

Even though the plaintiff's complaint never has been formally served on the defendant (because the court had not yet ordered the Marshals Service to do so), the defendant found out about the complaint. On May 22, 2017, the court received from the defendant a motion to dismiss, dkt. no. 13, and a supporting memorandum of law, dkt. no. 15.

The court will deny the motion to dismiss without prejudice, given that it is allowing the plaintiff an opportunity to file an amended complaint. The court notes one thing, however. The defendant stated in its motion that the plaintiff "appears to assert federal jurisdiction based on diversity," and argues that the parties are not diverse. Dkt. No. 15 at 1-2. The plaintiff did not assert diversity jurisdiction; he marked the box on the complaint indicating that he was suing for a violation of a federal statute. The court is allowing the plaintiff one chance to amend his complaint, to allege a specific violation of federal law. Once the plaintiff files the amended complaint, the defendant may file a motion to dismiss that amended complaint, if the defendant believes that the amended complaint is deficient.

The defendant also filed a motion to stay discovery. Dkt. No. 49. The defendant filed this motion in response to the plaintiff's December 16, 2017 motion for forensic audit, discovery and admissions. Dkt. No. 30. As noted above, the court is denying the plaintiff's December 16, 2017 motion as

premature. The court will grant the defendant's request to order that neither party shall engage in any discovery until the court issues a scheduling order allowing the parties to do so.

## IV. Conclusion

The court **GRANTS IN PART** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff shall pay $150 of the $350 filing fee, as well as the $50 administrative fee (for a total payment of $200) in time for the clerk's office to receive it by the end of the day on **March 23, 2018**. If the clerk's office does not receive $200 from the plaintiff by the end of the day on March 23, 2018, the court will dismiss the plaintiff's case for failure to pay the required filing fee.

The court **WAIVES** the remaining $200 of the filing fee.

The court **ORDERS** that the plaintiff's motion to issue cease and desist letter is **DENIED WITHOUT PREJUDICE AS MOOT**. Dkt. No. 7.

The court **ORDERS** that the plaintiff's motion for order to require defendant to send wet ink promissory note to Racine County Clerk is **DENIED WITHOUT PREJUDICE AS MOOT.** Dkt. No. 8.

The court **ORDERS** that the defendant's motion to dismiss for lack of jurisdiction and failure to state a claim is **DENIED WITHOUT PREJUDICE AS MOOT.** Dkt. No. 13.

The court **ORDERS** that the plaintiff's motion for summary judgment is **DENIED WITHOUT PREJUDICE AS MOOT.** Dkt. No. 19.

The court **ORDERS** that the plaintiff's motion for final judgment is **DENIED WITHOUT PREJUDICE AS MOOT.** Dkt. No. 24.

The court **ORDERS** that the plaintiff's second motion for final judgment is **DENIED WITHOUT PREJUDICE AS MOOT.** Dkt. No. 28.

The court **ORDERS** that the plaintiff's motion for order for forensic audit and motion for discovery and admissions is **DENIED WITHOUT PREJUDICE AS PREMATURE AND AS MOOT.** Dkt. No. 39.

The court **ORDERS** that the defendant's motion to stay discovery is **GRANTED**. Dkt. No. 49. The court **ORDERS** that neither party shall engage in discovery—demand documents from the other side, or file motions asking the court to require the other party to provide documents—until the court issues a scheduling order allow the parties to begin discovery.

The court **ORDERS** that the plaintiff's motion to quash defendant's motion to dismiss is **DENIED AS MOOT.** Dkt. No. 50.

The court **ORDERS** that the plaintiff's motion to quash the defendant's motion to stay discovery is **DENIED.** Dkt. No. 50.

The court **ORDERS** that the plaintiff shall file an amended complaint in time for the court to receive it by the end of the day on **Friday, March 30, 2018**. If the court has not received an amended complaint by the end of the

day on Friday, March 30, 2018, the court will dismiss the case for failure to diligently prosecute, and for failure to state a claim upon which relief may be granted.

Dated in Milwaukee, Wisconsin this 29th day of January, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**