UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEAN VON GERMETEN,

  Plaintiff,

v.                 Case No. 17-cv-167-pp

PLANET HOME LENDING, LLC,

  Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL (DKT. NOS. 101, 102), DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF (DKT. NO. 103), REQUIRING THE DEFENDANT TO PROVIDE AUTHORITY SUPPORTING ITS REQUEST FOR RELIEF AND MOTION FOR SANCTIONS (DKT. NO. 104) AND REQUIRING PARTIES TO APPEAR IN PERSON FOR A SANCTIONS HEARING ON JUNE 6, 2019 AT 10:30 A.M.**

---

  Since filing his complaint in February 2017, the plaintiff has buried the defendant and its attorneys in filings, many of which he has also filed with the court. On January 29, 2018, the court issued an order finding that the plaintiff's complaint did not state a claim for a violation of any provision of the federal Constitution or of federal law. Dkt. No. 52. Understanding that the plaintiff was representing himself, however, the court gave him the opportunity to amend his complaint to state such a claim. Id. at 10. The court ordered, however, that "neither party shall engage in discovery—demand documents from the other side, or file motions asking the court to require the other party to provide documents—until the court issues a scheduling order . . . ." Id. at 14.

1

The plaintiff filed an amended complaint on February 27, 2018. Dkt. No. 60. Two weeks later, defendant Planet Home Lending filed a motion asking the court to impose sanctions, including dismissal. Dkt. No. 61. Planet asserted that although the court had ordered that neither party could demand documents from the other until the court ordered discovery to start, the plaintiff had continued to demand information from the defendant. Dkt. No. 61-1. It asserted that the plaintiff also had filed a separate lawsuit in Racine County. Id. at 3. Planet asked the court to punish the plaintiff for failing to follow the court's order by dismissing this lawsuit. Id. at 4. This motion prompted a flood of filings from the plaintiff—between March 14, 2018 and March 21, 2019, the plaintiff filed *thirty* motions, letters and other documents.

Planet filed another request for sanctions and asked for a hearing. Dkt. No. 94. In an order dated March 21, 2019, the court denied the plaintiffs' many motions, as well as Planet's motions for sanctions. Dkt. No. 96. The court screened the amended complaint, and dismissed Michael Dubek, Jeffrey Bergida and Mark Clauss as defendants. Id. at 34. The court also dismissed a number of the plaintiff's frivolous claims, but concluded that—construing his complaint *very* broadly—he may have stated a claim under RESPA that Planet did not correctly respond to a qualified written request, a claim under TILA that Planet may have failed to provide information required by the statute, and a claim under the FDCPA that Planet tried to collect a debt the plaintiff did not owe and falsely represented the amount of the debt. Id. at 18-23. At the end of the order, the court explained, as clearly as it could, the next step in the

litigation—the court would allow the defendant to respond to the claims it had allowed to go forward. Id. at 32-33. The court stated, however, that "[u]ntil the defendant responds to the amended complaint, there is nothing else for the plaintiff to do. The court will order the plaintiff not to file any other documents—no letters, no affidavits, no notices, no motions, *nothing*—until he hears from the court." Id. at 33. The court also stated that

> [i]f the plaintiff wants to proceed with the three claims upon which the court has allowed him to proceed, he must stop clogging the court's docket with filings. He must stop burying the defendant in paper. He must stop demanding that this court declare him the winner of this lawsuit before the lawsuit even has gotten underway. He must follow the rules that every litigant in this court must follow—the Federal Rules of Civil Procedure, and this court's local rules (which the plaintiff can access on the court's web site, https://www.wied.uscourts.gov/local-rules-and-orders-0).
>
> The court has denied the defendant's two motions for sanctions. If, however, the plaintiff continues to flood the court and the defendant with repetitive, frivolous pleadings, and fails to follow this court's orders and the federal and local rules, the court *will* have a basis to consider any future requests for sanctions.

Id. at 33-34.

On April 9, 2019, the defendant responded to the amended complaint by filing a motion to dismiss. Dkt. No. 97. The Federal Rules of Civil Procedure allow a defendant to file a motion to dismiss in lieu of an answer. Fed. R. Civ. P. 12. Under this court's local rules, the plaintiff had twenty-one days to file a brief opposing that motion. Civ. L.R. 7(b). On April 18, 2019, the court received a two-page document from the plaintiff, which said, "Any/all court decisions re: the above case is/are: ACCEPTED FOR HONOR ON BEHALF OF THE UNITED STATES." Dkt. No. 99. The rest of the document quoted some statutes that

don't apply to this case and some sections of the UCC. Id. at 1-2. The plaintiff also filed ninety-four pages of documents, most of which he has filed before in support of the portions of his complaint and amended complaint that this court dismissed as frivolous and unfounded. Dkt. No. 99-1. The defendant (generously) considered this document dump as a brief in opposition to the motion to dismiss, and filed its reply. Dkt. No. 100. As of May 1, 2019—the date the defendant filed its reply—the motion to dismiss was fully briefed, and all that is left is for the court to rule on that motion.

But on May 8, 2019, the plaintiff filed a motion to compel evidence. Dkt. No. 101. This "motion" reiterates all the frivolous arguments the court rejected in its March 21, 2019 order. Not two weeks later, the plaintiff filed this same motion again. Dkt. No. 102. On May 22, 2019, the plaintiff filed a motion for temporary restraining order and immediate injunctive relief. Dkt. No. 103. He asserted that the defendant had notified him of its intent to accelerate his loan, and had threatened foreclosure if he did not cure the default. Id. He alleged that the "judge in this case"—the court can't tell whether he means this court, or the judge in the state-court case—had allowed the case to proceed "to a stage placing Plaintiff's property, health and life at risk," and alleged that "the judge and defendants are cooperating to drive Plaintiff into receivership and destitution for making a case against fraudulent lender practices and now must become victim to same." Id.

Today, the court received from the defendant a renewed request for sanctions. Dkt. No. 104. The defendant argues that the documents the plaintiff

4

has filed in the last two weeks violate the court's order telling the plaintiff that he could not file anything else until he heard from the court. Id. at 1. Most concerning, the motion alleges that the plaintiff has recorded with the Racine County Register of deeds a $4,014,012 notice of lien against Planet's CEO, Michael Dubeck and its lawyer, Mark Clauss (both of whom the court dismissed as defendants back in March). Id.; Dkt. No. 104-1. The notice indicates that the plaintiff is trying to place a lien on the property of Dubeck and Clauss. Id. at 2. The defendant indicates that there are other documents "of record" that harm it, such as outstanding UCC financing statements, a "recorded 'Correction Instrument' appointing Judge Pepper as [the plaintiff's] personal trustee," and "a UCC Financing Statement saying the United States of America owes [the plaintiff] $900,000,000,000.00." Dkt. No. 104 at 2. The defendant asks the court to enter an order "in a form that [Planet] can record with the register of deeds invalidating the $4.14M liens against Planet's personnel and one of its attorneys" and "invalidating [the plaintiff's] appointment of Judge Pepper as his trustee." Id. at 3. The defendant asks the court to make these orders *in rem* so as to bar the plaintiff from filing them again in the future, to grant the defendant its fees and costs and to dismiss the case with prejudice. Id.

    The court will dismiss the plaintiff's motions to compel and the motion for injunctive relief. As noted above, the motions to compel contain the same assertions that this court dismissed in March. As for the request for injunctive relief, the plaintiff has not demonstrated the factors required to obtain

injunctive relief in federal court—a reasonable likelihood of success on the merits of his case, no adequate remedy at law and irreparable harm. See, *e.g.*, Roland Machinery Co. v. Dresser Indus., Inc., 749 F.2d 380 (7th Cir. 1984).

As for the defendant's motion for sanctions, the time has come for the court to consider that request. The court has assumed for some time now that the plaintiff may struggle with health or mental health issues, given the nature of his filings. It has tried to give him an opportunity to state a valid federal claim. It has tried to keep in mind that he is not a lawyer and may not understand the rules that govern federal litigation or the relevant law. It has tried to assume that the plaintiff is acting in good faith, and simply struggles with issues that many people who represent themselves confront. But the plaintiff now has re-filed pleadings that the court expressly dismissed, despite the court's order dismissing those claims. Much more concerning, he has taken legal action against the defendant's CEO and its lawyer, private citizens who are not parties to this lawsuit and who are doing their jobs. He has tried to place liens on Mr. Dubeck's home and other property, and on Mr. Clauss's home and other property. This action is personal, vindictive and abusive.

The court is going to hold a hearing at the date and time it provides below. It will require the plaintiff to appear at this hearing. The court is formally giving the plaintiff notice that at this hearing, it will consider whether to use its inherent authority to sanction the plaintiff for failing to follow the court's March 21, 2019 order. See Fuery v. City of Chi., 900 F.3d 450, 464 (7th Cir. 2018) ("A district court may impose sanctions under its inherent authority

6

'where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith.'"). The plaintiff must be prepared to explain to the court at this hearing why the court should not sanction him for filing documents making arguments the court already has rejected, for filing duplicative motions and for abusing the litigation process by trying to place a lien on the homes of the defendant's CEO and its lawyer. If the plaintiff does not appear for this hearing, he may face sanctions for failing to comply with this court's order to appear. Those sanctions may include, but are not limited to, dismissal of this case and monetary penalties.

As for the defendant's request that the court issue *in rem* orders invalidating the lien and the other documents the plaintiff has filed in courts other than this one, the defendant provides no authority allowing a federal district court to invalidate a lien filed in state court, or for a district court to order *in rem* relief. The court will require that, before the hearing date, the defendant provide the court with authority supporting its requests in this regard.

Finally, between now and the date of the hearing, the court will consider the defendant's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and will be prepared to rule on that motion at the hearing, if necessary.

The court **DENIES** the plaintiff's motion to compel evidence. Dkt. No. 101.

The court **DENIES** the plaintiff's motion to compel evidence. Dkt. No. 102.

The court **DENIES** the plaintiff's motion for temporary restraining order and immediate injunctive relief. Dkt. No. 103.

The court **ORDERS** that by the end of the day on **June 4, 2019**, the defendant shall provide the court with authority demonstrating that this court has the authority to invalidate a state-court lien or to order the Department of Financial Institutions to invalidate UCC statements.

The court **ORDERS** that the parties shall appear in person on **June 6, 2019 at 10:30 a.m. in Room 222 of the federal courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202**, to show cause why the court should not sanction the plaintiff for violating the court's orders and engaging in abusive litigation practices. If the plaintiff fails to appear at this hearing, he may be subject to sanctions for failing to comply with this order, including dismissal of this case and monetary sanctions.

Dated in Milwaukee, Wisconsin this 23rd day of May, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**