UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN VON GERMETEN,

        Plaintiff,

v.                                                           Case No. 17-cv-167-pp

PLANET HOME LENDING, LLC,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DKT. NO. 97) AND DENYING PLAINTIFF'S MOTION TO VOID MORTGAGE AND ATTORNEYS' FEES (DKT. NO. 120)**

On June 6, 2019, the court held a hearing to consider the defendant's motion for sanctions for the plaintiff's alleged violations of the court's March 21, 2019 order barring him from filing frivolous documents asserting previously rejected arguments. Dkt. No. 104. The court considered also the defendant's motion to dismiss for failure to state a claim. Dkt. No. 97. During that hearing, the court granted the defendant's motion to dismiss the case but declined to impose monetary sanctions against the plaintiff for his conduct. This order memorializes those rulings, with additional comments.

When it reviewed the defendant's additional/renewed motion for sanctions, the court mostly concerned itself with the defendant's allegation that the plaintiff had filed an approximately $4 million "notice of lien" with the Racine County register of deeds against the defense counsel's personal property. See Dkt. No. 104-1 at 1. The record in this case provides no basis for

1

the plaintiff to assert an interest in defense counsel's personal property. To the extent the plaintiff alleges that his interest in defense counsel's property stems from an alleged "misuse" of his "commercial name," dkt. no. 104-1, the court notes that it (and others) have rejected this and other frivolous legal theories that are based on the idea of rejecting so-called "federal citizenship." See United States v. Davis, 545 F. App'x 513, 517-18 (7th Cir. 2013) (defendant's belief that he could "proclaim[] a copyright in his name" found "consistent with 'sovereign citizen' ideology" and such beliefs found frivolous); Bey v. State, 847 F.3d 559, 560-61 (7th Cir. 2017) (explaining that "many sovereign citizen organizations teach that whenever a Moor's name is spelled in capital letters in a government document, the name identifies not the individual but instead his 'corporate shell identity,' or in other words a 'straw man' controlled by the government;" further stating the "[w]e have repeatedly rejected such [sovereign citizen] claims."). The court can discern no reason for the plaintiff to file a "notice of lien" against a defense attorney's personal property except to harass that attorney, and to try to dissuade him from acting in his client's interest. It appears to this court that the plaintiff's filing of the notice of lien with the county register of deeds constituted an abuse of process, and harassment.

At the June 6, 2019 hearing, defense counsel asked the court to opine on counsel's affidavit documenting the legal fees incurred in its defense of this case. The affidavit appears at dkt. no. 97-2 and states that the defendant has incurred 75.2 hours of work defending against this case at a rate of $215 per

2

hour. Id. at 1-2. At the June 6, 2019 hearing, defense counsel asked the court to deem those fees "reasonable."

The question of whether the fees are reasonable is not appropriately before the court. The defendant has not filed a motion for the award of attorneys' fees, and the court declined to impose attorneys' fees as a sanction for the plaintiff's conduct. The court understands that the defendant likely will seek to add its "reasonable attorneys' fees" to the debt it will attempt to collect from the plaintiff. That is the defendant's prerogative, assuming the mortgage contract provides for such a process. That question—the interpretation of the mortgage contract, and the collection of any debt due under the mortgage and the note—are not before this court.

Finally, after the court already had orally dismissed the case for failure to state a claim, the plaintiff filed a document titled "Motion that Mortgage and Defendant Attorney Fees be Voided per Plaintiff's Affidavit of Void Agreement, Fraudulent Concealment and UCC." Dkt. No. 120. This is another attempt by the plaintiff to assert his theories regarding American capital markets, the UCC and the rights of "free," or "non-federal," citizens. The court has rejected these arguments. And the questions of whether the mortgage is void, or whether the contract provides for attorneys' fees, are not before this court.

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 97.

The court **FINDS** that the record establishes no basis for the plaintiff to assert a property interest against the personal property of defense counsel (or, for that matter, against any officer, director or employee of the defendant).

The court **DENIES** the plaintiff's motion to void the mortgage and attorneys' fees. Dkt. No. 120.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim.

The court **ORDERS** that the clerk's office must not docket anything else the plaintiff sends to the court in this case. The court **ORDERS** that the clerk's office shall return any filings bearing this case number to the plaintiff.

Dated in Milwaukee, Wisconsin this 2nd day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**